IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                                                                18-CR-068-RJA

            v.

MICHAEL GIOKAS,                                            **DEFENDANT'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM**

           Defendant.
_____

### 1. INTRODUCTION

The defendant, **MICHAEL GIOKAS**, hereby submits this memorandum in reply to the Government's Sentencing Memorandum (Docket# 53) filed May 8, 2019, wherein the Government objected to the refusal of the United States Probation Office to include in the PSR the 2 level enhancement for sophisticated means (USSG 2B1.1(b)(10)(c)). For the reasons set forth below, we respectfully ask that the Court to determine that the enhancement for sophisticated means does NOT apply in this case.

### THE PLEA AGREEMENT

In the plea agreement, the Government took the position that the 2 level enhancement of 2B1.1(b)(10)(c) (sophisticated means) should be applied. The defendant reserved the right to argue against the enhancement.

1

## THE PRE-SENTENCE REPORT

In the Pre-Sentence Report ("PSR"), Probation Officer Alexandra Piskorz ("the PO") determined that the enhancement for sophisticated means is not applicable in this case.

## SOPHISTICCATED MEANS

Initially, the defense notes that the Government did not file a formal objection to the PSR which is typically ordered by this Court to be filed three weeks prior to sentencing. In this case, the Government included an objection within a sentencing memorandum filed one week prior to sentencing. Regardless, the objection should be denied.

Section 2B1.1(b)(10)(C) provides for a two-level enhancement if "the offense . . . involved sophisticated means." Per the commentary to that guideline, "'sophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." USSG §2B1.1, comment (n.9(B)).

In the instant case, Mr. Giokas simply created an entity called Trinity Counsel and opened a bank account in that name in which to deposit investments from investors. While the investment touted was false, it was a simple, straight forward fraud, with little or no sophistication. Mr. Giokas created Trinity Counsel and opened the bank account using his true identity. Mr. Giokas did not use false identities, forged documents, complex money transfers, false attestations from "satisfied customers," off-shore financial accounts, false monthly reports

of account balances, nor did he falsely touted his credentials or experience. Such devices are involved in cases where the courts have applied 2B1.1(b)(10)(C). In fact, the rapid manner in which the fraud was detected, the fraud proceeds traced and partially recovered, speaks to the lack of sophisticated means in this case.

The cases cited by the government all involve much great sophistication than exists in this case. For example, in United States v. Fofanah, 765 F.3d 141, (2d Cir. 2014), the defendant (1) failed disclose to investors that he had been barred by FINRA from engaging in the conduct employed in the criminal scheme; (2) used his wife as the nominee owner to hide his involvement; (3) used seminars and presentation to recruit victims to his scheme; (4) falsely touted the past success of the proposed scheme by claiming it had achieved annual returns of more than 34% over the past 5 years, when it had always lost money and had not even been in existence for 5 years; (6) falsely claimed that the proposed investments where eligible for special tax status; (7) submitted false statements to the SEC; and (8) provided false statement of accounts to investors to conceal the fraud. Mr. Giokas did NOT utilize any such means in his quickly devised scheme.

## **CONCLUSION**

The lack of sophistication of Mr. Giokas' scheme is clear and we respectfully request the Court adopt the recommendation in the PSR and find that the enhancement of 2B1.1(b)(10)(C) should not be applied in this case

        DATED:   Buffalo, New York, May 10, 2019.

        Respectfully submitted,

        S/JOHN E. ROGOWSKI
        Attorney for defendant
        MICHAEL GIOKAS

        5662Main Street
        Williamsville, New York 14221
        (716) 481-4583
        RogowskiLaw@aol.com

TO: Paul Bonanno, AUSA.

    United States Probation Department
    Attn: Alexandra G. Piskorz, USPO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                                   18-CR-068-RJA

              v.

MCHAEL GIOKAS,

              Defendant.
_____

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, I electronically filed the foregoing **DEFENDANT'S REPLY TO THE GOVERNMENT'S SENTENCING MEMORANDUM** with the Clerk of the District Court using its CM-ECF system, which would then electronically notify the following CM/ECF participants on this case:

Paul Bonanno, AUSA.

United States Probation Department
attn: Alexandra G. Piskorz, USPO

                                /S/
                            John E. Rogowski

5